The People of the State of Illinois, Plaintiff-Appellee, v. Roy Grimes, Defendant-Appellant.

(No. 72-162; )

Second District—April 17, 1973.

Paul Bradley, of Defender Project, of Elgin, for appellant.

William V. Hopf, State's Attorney, of Wheaton, (Ralph J. Gust, Jr., Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

The defendant appeals from an order denying relief, after an evidentiary hearing, under an amended post conviction petition.

The single issue is whether, in light of a claimed "unfulfilled promise" by the prosecutor, the defendant's sentence to the penitentiary violated his constitutional rights to due process.

During the hearing on the amended post conviction petition, it was established that the defendant was arrested for burglary; that, in the course of interrogation, the police promised to recommend probation for the defendant if, in return, he would identify his accomplice, give a statement and testify against his companion. Defendant identified his cohort and gave a statement. Later he and his accomplice were indicted. The public defender, appointed to represent defendant, verified the State's agreement to recommend probation under the terms above.

On two occasions defendant appeared, ready to testify against the co-defendant: on each occasion, the co-defendant (aware of the arrangement between the State and the defendant) had the case continued. On the next date set for trial, August 28, 1969, the defendant failed to appear. The case was continued to September 8, 1969. The public defender

wrote to the defendant at his last known address, informing him of the new date, but the letter was returned unclaimed. On September 8, 1969, defendant's bond was forfeited for failure to appear, the co-defendant entered a plea of guilty and was sentenced to a term of 2 to 5 years in the penitentiary. On that date, the State notified defendant's counsel of its decision to withdraw the promise of probation recommendation.

Late in November, 1969, defense counsel was informed that the defendant had been incarcerated in Cook County since August 9, 1969. Brought back to Du Page County, defendant was informed that the State had withdrawn any prior promise to recommend probation and, instead, would now recommend a sentence of 2 to 5 years. (Defendant alleged that his counsel then advised him to plead guilty, suggesting that he would arrange for the Assistant State's Attorney and the interrogating police officer to be present, anticipating that, after the plea, special consideration might be urged upon the court. Defense counsel denied that any conditions were suggested but stated that he had advised defendant to plead guilty and accept the State's recommended sentence.) On December 11, 1969, defendant entered his plea and was sentencd to a term of 2 to 5 years.

The record clearly indicates that the defendant admitted full knowledge of the withdrawal of the State's promise and of the intended sentence recommendation, prior to the entry of his plea. During a thorough admonishment by the court, defendant explicitly voiced his understanding that the State would recommend a 2 to 5 year sentence and unequivocally stated that no other promises had been made him.

From the evidence herein, we conclude that the defendant's plea of guilty was not made in reliance upon any prior promise by the State but, rather, was entered voluntarily, intelligently and understandingly.

The judgment of the trial court is affirmed.

Judgment affirmed.

SEIDENFELD and ABRAHAMSON, JJ., concur.